IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY S. DAVIS,

      Petitioner,

   v.

ALLEN/OAKWOOD
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:15-CV-02931
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one year statute of limitations under 28 U.S.C. § 2244(d).

This case involves Petitioner's January 16, 1987, conviction pursuant to his guilty plea in the Guernsey County Court of Common Please on breaking and entering. Petitioner indicates that the trial court imposed a sentence of one year incarceration. Petitioner did not file an appeal; however, on February 4, 2015, he filed a petition for a writ of habeas corpus in the Ohio Supreme Court alleging that his sentence had completely expired and the Ohio Department of Rehabilitation and Correction refused his release. On May 20, 2015, the Ohio Supreme Court *sua sponte* dismissed his habeas corpus petition.

On September 24, 2015, Petitioner filed the instant *Petition*. He signed the *Petition* on September 14, 2015.[1] He asserts that his sentence has completely expired and the Ohio Department of Rehabilitation and Correction continues to refuse his release:

> Four (4) days after the Guernsey County, Ohio court of Common Please entered judgment against, and sentenced Petitioner on the offense committed, an employee of the Ohio Dept. of Rehabilitation and correction looked at the sentencing Entry and made the determination that the Court had erred in failing to run the sentence consecutive to the other sentence(s) Petitioner had pending and she decided to run the sentence consecutive herself.

(ECF No. 1, PageID# 5.)[2]

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] On October 20, 2015, the case was transferred to this Court from the United States District Court for the Northern District of Ohio. (ECF No. 4.)

[2] Petitioner challenges the execution of his sentence, rather than the constitutionality of his underlying conviction itself. "[Section] 2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences." *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The provision of 28 U.S.C. § 2244(d)(1)(D) applies to the scenario in this case. Petitioner does not challenge his underlying judgment of conviction, and he does not allege that any State action impeded his timely filing, or that the United States Supreme Court has newly recognized a constitutional right that has been retroactively applied to cases on collateral review. "Sixth Circuit precedent dictates [] that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim." *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007); *see also Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896 (6th Cir. 2005) (applying § 2244(d)(1)(D) to a petitioner's challenge to the denial of his release on parole).

Under 28 U.S.C. § 2244(d)(1)(D), the Petitioner must file his habeas corpus petition one year from the date that his claim "could have been discovered through the exercise of due diligence." The question is not when a prisoner first learns of the factual predicate for his claim, but when he should have learned of it had he exercised reasonable care. *Townsend v. Lafler,* 99 Fed.Appx. 606, 608 (6th Cir. 2004) (citations omitted). "Section 2244(d)(1)(D). . . does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim." *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004) (citation

omitted). It is the Petitioner's burden to establish that he exercised due diligence in searching for the factual predicate of his claim. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2008) (citing *Stokes v. Leonard,* 36 Fed.Appx. 801, 804 (6th Cir. 2002)).

Petitioner has failed to meet this burden here. He states that he "sent letters with entries, to the Bureau of Sentence Computation and Records Management attempting to resolve the miscalculation" of his sentence, and that he hired an attorney to do the same. (ECF No. 1, PageID# 7.) He contends that the one-year statute of limitations does not apply because he only learned that he was being held beyond expiration of his sentence after he appeared before the parole board and received a continuance "far beyond the amount of time that I should have had remaining on the lawful sentence(s) imposed," after which time he filed a petition for a writ of habeas corpus with the Ohio Supreme Court. (PageID# 13-14.) However, Petitioner claims that he is being held beyond expiration of a one year sentence imposed in 1987. It would seem therefore, that he should have learned of the factual basis for his claim after the term of that sentence completely expired, or in 1988, one year from the date of sentencing. He provides no information as to the date that he first appeared before the parole board after expiration of this time, or why it took him nearly thirty years to learn that the Department of Rehabilitation and Correction continued to hold him on this sentence for so long after it had purportedly expired. He alleges that an employee of the Department of Rehabilitation and Correction made the error four days after imposition of his sentence.

In view of the foregoing, the habeas corpus petition cannot be deemed to have been timely filed. *See Eberle v. Warden, Mansfield Correctional Inst.,* 532 F. App'x 605, 611 (6th Cir. 2013) (a failure to explain the delay will not establish due diligence); *McSwain v. Davis*, 287 F. App'x 450, 454 (6th Cir. 2008) (where record was silent as to reasons that the petitioner did

4

not discover the factual predicate for his claim, he failed to meet his burden of establishing due diligence).

Finally, because this case involves a conviction imposed prior to the effective date of the AEDPA, Petitioner had one year from the effective date of the AEDPA, or until April 24, 1997, within which to file this habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). He waited more than eighteen years later to do so.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


      *s/ Elizabeth A. Preston Deavers*
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**