IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY DAVIS,

    Petitioner,

v.

ALLEN/OAKWOOD
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-02931
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On November 13, 2015, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the *Petition* be dismissed as barred by the one-year statute of limitations. (ECF No. 5.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 9.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 9) is **OVERRULED**. The *Report and Recommendation* (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner asserts that his 1987 sentence in the Guernsey County Court of Common Pleas of one year on the charge of breaking and entering has completely expired and that the Department of Rehabilitation and Correction continues to refuse his release. The Magistrate Judge concluded that Petitioner failed to establish that he could not have discovered the basis for this claim years before the filing of the *Petition* and therefore recommended dismissal of the *Petition* as barred under the terms of 28 U.S.C. § 2244(d)(1)(D). Petitioner objects to the Magistrate Judge's recommendation.

Petitioner asserts that he exercised diligence in discovering the factual basis for his claim. He states that he filed a complaint for declaratory judgment and a petition for a writ of habeas corpus upon learning that the Bureau of Sentence Computation had reinstated his sentence. According to Petitioner, he did not earlier discover the basis for his claim, because the Bureau of Sentence Computation did not exist in 1988.

Petitioner's argument is not persuasive. Petitioner does not indicate the date or manner in which he learned that he allegedly was being held beyond expiration of his one-year sentence. (ECF No. 9, PageID# 60.) The record indicates that, in January 2001, Petitioner's maximum expiration date was computed to be November 26, 2032. (ECF No. 9, PageID# 71.) Petitioner does not indicate why he could not have learned of the basis for his claim at that time. Additionally, a sentence computation was provided at the request of Petitioner's attorney in December 2012. (*Affidavit of Lora Heiss*, ECF No. 9, PageID# 72.) Even at the very latest, therefore, Petitioner knew of the factual basis for his claim at that time. He did not execute this *Petition* until September 14, 2015.

Petitioner's *Objection* (ECF No. 9) is **OVERRULED**. The *Report and Recommendation* (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

                                                               /s/ 12/31/2015
                                                           EDMUND A. SARGUS, JR.
                                                           Chief United States District Judge